**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL LYNN SMITH WANNEBO,

Plaintiff

v.

CCDC, et al.,

Defendants

Case No.: 2:25-cv-01446-APG-MDC

**Dismissal Order**

Plaintiff Michael Lynn Smith Wannebo brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Clark County Detention Center. ECF No. 1-1. On May 2, 2026, I ordered Wannebo to file an amended complaint by June 3, 2026. ECF No. 6. I warned Wannebo that the action could be dismissed if he failed to file an amended complaint by that deadline. *Id.* at 7. That deadline expired and Wannebo did not file an amended complaint, move for an extension, or otherwise respond.

## I. Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Wannebo's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed

until and unless Wannebo files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Wannebo needs additional time or evidence that he did not receive the screening order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II. Conclusion**

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. I THEREFORE ORDER that this action is dismissed without prejudice based on Wannebo's failure to file an amended complaint in compliance with my May 2, 2026, order and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. If Wannebo wishes to pursue his claims, he must file a complaint in a new case.

I FURTHER ORDER that Wannebo's application to proceed *in forma pauperis* (ECF No. 5) without having to prepay the full filing fee is granted. Wannebo will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915. Wannebo is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

I FURTHER ORDER that, pursuant to 28 U.S.C. § 1915, the Clark County Detention Center will forward payments from the account of **Michael Lynn Smith Wannebo, #7110129** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this

order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

Dated: August 5, 2026

Andrew P. Gordon
Chief United States District Judge